UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

F. DAVID TUTT AND GLORIA R. TUTT                     CIVIL ACTION

VERSUS                                                NO: 12-1276

LAWRENCE A. CLASBY                                    SECTION: R

**ORDER & REASONS**

Plaintiffs F. David Tutt and Gloria Tutt move the Court to enter a default judgment against defendant Lawrence Clasby in the amount of $1,835,921.10, plus costs. Because plaintiffs have not demonstrated that this Court has subject matter jurisdiction, the Court denies plaintiffs' motion.

I.  BACKGROUND

On July 18, 2000, plaintiffs entered into a contract with defendant whereby defendant agreed to manage plaintiffs' assets and make financial investments on their behalf. The contract required that all disputes arising out of the agreement would be subject to arbitration in accordance with the rules of the American Arbitration Association (except as otherwise modified by the contract). The agreement further stated that "judgment upon [the] award rendered by the arbitrators may be entered in any

court, state or federal, having jurisdiction over the parties."[1]

A dispute arose over defendant's performance under the contract, and plaintiffs submitted the dispute to arbitration. Because defendant did not formally appear or answer plaintiffs' statement of claim, plaintiffs moved to begin default procedures against him. Arbitrator Robert Rooth determined that because Clasby was properly served with notice of the statement of claim and notification of the arbitrator, he was required to submit to arbitration, and would be bound by the arbitrator's decision on all issues submitted. On March 30, 2012, the arbitrator rendered his decision, which plaintiffs have attached to their petition.[2]

Plaintiffs then filed a petition with this Court to confirm the arbitration award.[3] When defendant did not answer within the allotted time, plaintiffs moved for entry of default,[4] which the Clerk of Court granted.[5] Plaintiffs now move for default judgment.[6]

## II. LEGAL STANDARD

---

[1]   R. Doc. 1-3 at 3.

[2]   R. Doc. 1-3 at 43-51.

[3]   R. Doc. 1.

[4]   R. Doc. 5.

[5]   R. Doc. 8.

[6]   R. Doc. 6.

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required time period. Fed. R. Civ. P. 55(b). A plaintiff who seeks a default judgment against an uncooperative defendant must proceed through two steps. First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986); *see also United States v. Hansen*, 795 F.2d 35, 37 (7th Cir. 1986) (describing the entry of default as "an intermediate, ministerial, nonjudicial, virtually meaningless docket entry"). Before the clerk may enter the defendant's default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Beyond that requirement, however, the entry of default is largely mechanical.

Once default has been entered, the plaintiff's well-pleaded factual allegations are deemed admitted. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). At the same time, the defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id*. After the defendant's default has been entered, the plaintiff may request the entry of judgment on the default. If the

plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the request for a default judgment may be directed to the clerk. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). The disposition of a motion for the entry of default judgment ultimately rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

**III. DISCUSSION**

Before entering judgment, a district court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). Judgment entered in the absence of jurisdiction is void, and the Court must therefore refrain from entering judgment if its jurisdiction is uncertain. In this case, plaintiffs contend that this Court has subject matter jurisdiction based on the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, and diversity of citizenship, 28 U.S.C. § 1332.

Plaintiffs are incorrect in asserting that Section 9 of the

FAA provides a grant of subject matter jurisdiction. *Cf. Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 536 (5th Cir. 2003) (noting that "the FAA does not create any independent subject-matter jurisdiction"); *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009) ("§ 4 of the FAA does not enlarge federal-court jurisdiction; rather, it confines federal courts to the jurisdiction they would have 'save for [the arbitration] agreement.'"). While Section 9 is perhaps less clear than Sections 3 and 4 about the need for an independent basis for subject matter jurisdiction, "requiring independent jurisdictional grounds under §§ 3 and 4 but not under § 9 'would render the Arbitration Act — enacted as a single, coordinated piece of legislation in February, 1925 — little more than an odd patchwork of individual statutes, bereft of any coherent plan.'" 13D Wright & Miller, *Fed. Prac. & Proc. Juris.* § 3569 (3d ed.) (quoting *Bangor & Aroostock R. Co. v. Maine Cent. R. Co.*, 359 F. Supp. 261, 263 (D.D.C. 1973); *see also FIA Card Servs., N.A. v. Gachiengu*, 2008 U.S. Dist. LEXIS 8281, at *13 (S.D. Tex. 2008) (collecting cases and concluding that "[t]he federal courts have held that the jurisdictional requirements contained in [S]ection 4 of the FAA apply to confirmation proceedings brought under [S]ection 9, as well as other provisions"). Thus, the FAA alone does not provide this Court with jurisdiction to enter a default judgment.

Nor do plaintiffs' allegations of diversity among the parties suffice to establish this Court's jurisdiction. Plaintiffs allege that they are "residents" of Louisiana, and that defendant is a "resident" of Texas. But "[d]iversity jurisdiction requires that the parties be *citizens* of different States ... and an allegation that the parties are 'residents' of particular states is insufficient to provide the court with diversity jurisdiction." *Simon v. Taylor*, 455 Fed. Appx. 444, 446 (5th Cir. 2011) (internal quotation marks omitted); *see also Nadler v. American Motors Sales Corp.*, 764 F.2d 409, 413 (1985). Indeed, the Fifth Circuit has noted that "[i]t is important to distinguish between citizenship and residency, because a 'citizen of one state may reside for a term of years in another state, of which he is not a citizen; for, citizenship is clearly not co-extensive with inhabitancy.'" *Simon*, 455 Fed. Appx. at 446 n.2 (quoting *Bingham v. Cabot*, 3 U.S. (Dall.) 382, 383 (1798)).

This Court has discretion to give plaintiffs an opportunity to amend their complaint to cure the defective jurisdictional allegations. *See Mullins*, 300 Fed. Appx. at 260 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.") (citing 28 U.S.C. § 1653); *Nadler*, 764 F.2d at 413. Although § 1653 is "liberally construed," federal courts permit amendments to cure these defects only when "examination of the record as a whole discloses at least a

substantial likelihood that jurisdiction exists[.]" *Mullins v. TestAmerica, Inc.*, 300 Fed. Appx. 259, 260-61 (5th Cir. 2008) (quoting *Nadler*, 764 F.2d at 413). Here, the Court finds that such "substantial likelihood" exists, and consequently grants plaintiffs leave to amend their complaint to allege the jurisdictional facts that give rise to diversity jurisdiction.

**IV. CONCLUSION**

For the foregoing reasons, plaintiffs' motion for default judgment is DENIED. Plaintiffs are hereby given leave to amend their pleadings.

New Orleans, Louisiana, this 23rd day of July, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE